UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

CSX TRANSPORTATION, INC.
500 Water Street
Jacksonville, FL 32202

          Plaintiffs,

v.

ARROW FARMS, INC.
57 New England Produce Center
Chelsea, MA 02159

          Defendant.

Civil Action No.

## COMPLAINT

Plaintiff CSX Transportation, Inc. ("CSX") hereby files this Complaint against Arrow Farms, Inc. ("Arrow Farms") and avers as follows:

### Parties

1. CSX is a Virginia corporation, with its principal place of business in Jacksonville, Florida. CSX operates as an interstate rail carrier subject to the jurisdiction of the United States Surface Transportation Board, and is governed by the provisions of the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq*.

2. Defendant Arrow Farms is a Massachusetts corporation with its principal place of business at 57 New England Produce Center, Chelsea, Massachusetts.

### Jurisdiction

3. Jurisdiction in this matter is based upon 28 U.S.C. § 1337 as this is a cause of action arising under the Interstate Commerce Act, 49 U.S.C. § 10101, *et seq*.

4. Jurisdiction is also based upon 28 U.S.C. § 1332(a), as there is complete diversity of citizenship between plaintiff and defendant, and because the amount in controversy exceeds $75,000.00.

## Venue

5. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b) because Arrow Farms resides within this district.

## CAUSE OF ACTION
### Failure to Pay Demurrage Charges

1. Pursuant to 49 U.S.C. § 10746 CSX established rules related to the assessment and computation of railcar demurrage charges.

2. The rules which set forth the manner in which demurrage charges are accrued and assessed are set out in CSX's tariffs, which are public tariffs posted on the internet.

3. Beginning in or about September of 2013 and continuing through February of 2016, pursuant to the terms of CSX's railcar demurrage tariffs, CSX agreed to and did release railcars into the possession of Arrow Farms as consignee, and Arrow Farms, with notice and consent of its consignee status and CSX's demurrage terms, accepted delivery of said railcars.

4. Between September of 2013 and continuing through February of 2016, Arrow Farms failed to return possession of the railcars to CSX within the allotted "free time", and as a result accrued demurrage charges in accordance with the terms of the governing tariff, CSX 8100, said charges in an amount not less than $75,185.65.

5. CSX submitted invoices to Arrow Farms for the demurrage charges that it incurred from 2013 through 2016.

6. Although demand has been made for payment of the demurrage charges, Arrow Farms has failed and refused to pay said charges.

**WHEREFORE**, Plaintiff, CSX Transportation, Inc., respectfully demands that judgment be entered in its favor and against defendant, Arrow Farms, Inc., in an amount not less than $75,185.65, together with additional interest and finance charges, which accrue in accordance with applicable tariffs up until the time of trial, as well as costs, attorneys' fees, and such other relief as the Court may allow

**BACON WILSON, P.C.**

By: ___/s/Adam J. Basch_____
Adam J. Basch, Esq.
**BACON WILSON, P.C.**
33 State Street
Springfield, MA 01103
(413) 781-0560
(413) 739-7740 (fax)
abasch@baconwilson.com
BBO# 655482

**Of Counsel**
**KEENAN COHEN & HOWARD P.C.**
Charles L. Howard, Esq.
165 Township Line Road, Suite 2400
Jenkintown, PA 19046
Telephone:    (215) 609-1110
Facsimile:    (215) 609-1117
choward@freightlaw.net

Attorneys for Plaintiff
CSX Transportation, Inc.

Dated:  April 22, 2016